UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANGELA LOUCKS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. _____ |
| ) | |
| WALMART, INC., ) | |
| Serve: Walmart, Inc. c/o ) | |
| Registered Agent ) | |
| The Corporation Company Inc. ) | |
| 112 SW 7th Street, Suite 3C ) | |
| Topeka, KS 66603 ) | |
| ) | |
| Defendant. ) | |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

### PARTIES

1.   Plaintiff Angela Loucks is an individual residing and domiciled in Garnett, Anderson County, Kansas.

2.   Defendant Walmart, Inc. ("Walmart" or "Defendant") is a foreign corporation organized and existing under the laws of Delaware and doing business throughout the State of Kansas. Defendant operates a Walmart store at 2101 S. Princeton, Ottawa, Kansas (Store # 382"), where the incident described in this Complaint occurred. Defendant may be served with process by serving its registered agent, The Corporation Company, Inc., located at 112 SW 7th Street, Suite 3C, Topeka, KS 66603.

### JURISDICTION AND VENUE

3.   This Court has jurisdiction pursuant to 28 U.S.C. §1332(c) because the amount in controversy exceeds Seventy-five Thousand Dollars ($75,000.00), exclusive of interest and costs, and because there is complete diversity of citizenship between the Plaintiff and Defendant.

4.   Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because a substantial part of the acts and omissions giving rise to the claims asserted occurred in this district.

## COUNT I - NEGLIGENCE

5. On July 14, 2020, Plaintiff Angela Loucks was shopping at Defendant's Walmart store #382. As she walked in the aisle of Defendant's store near the checkout, she suddenly and without warning slipped on water and/or a combination of water or some other slippery substance causing her legs to forcibly split, dropping her body towards the floor while she attempted to hold a shopping cart handle. The mechanisms of this fall caused Plaintiff to sustain injury to her body as more fully set forth below.

6. Business owners such as Walmart owe their customers a duty to keep the floor of the business in a reasonably safe condition.

7. Defendant knew, or by using ordinary care could have known, of this hazardous condition and it was feasible for the Defendant to remove the slippery substance which created the hazardous condition or warn of it before Plaintiff was injured, but failed to do so.

8. Defendant as owner and operator of the Walmart store was negligent and careless in each of the following respects:

    a. Failed to maintain the floor of the store in a reasonably safe condition;

    b. Allowed a slippery substance to come into contact with and remain on the floor of the store when the Defendant knew, or in the exercise of reasonable care should have known, that the substance created an unreasonable risk of harm to customers of the store such as Plaintiff;

    c. Permitted a condition to exist on the floors of the store that created an increased risk of harm to customers of the store such as Plaintiff;

    d. Operated and continued to use a floor cleaning machine that leaked water onto the floor and failing to mop up the water or place a sign warning of the wet floor;

    e. Failed to warn the Plaintiff of the danger presented by the presence of the slippery substance on the floor;

    f. Failed to exercise reasonable or ordinary care for the safety of customers of the store such as Plaintiff;

    g. Failed to install a non-slip surface on the floor of the store; and

    h. Failed to otherwise exercise reasonable or due care with respect to the matters alleged in this petition.

9. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff has suffered and will in the future suffer painful injuries to her body and person including, but not limited to, her right hip, hand, knee, shoulder, and lower back and buttocks area with resulting nerve pain in her right leg and foot; she has lost income as a result of her injuries and will lose income in the future; she has had a diminished quality of life and limitation of activities which will continue in the future; she has incurred medical expenses for the care and treatment of her injuries and will continue to require medical treatment in the future, all to her damage in excess of $75,000.00.

WHEREFORE, Plaintiff prays judgment against Defendant Walmart for an award that will fully compensate her for the injuries and damages she has sustained, for her costs herein expended and for such other and further relief as the Court deems just and proper under the circumstances of this case.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

KANSAS CITY ACCIDENT INJURY ATTORNEYS

*/s/ John K. Thomas*

John K. Thomas, KS Bar # 28386
James M. Roswold, KS Bar #16468
510 Walnut Street, Suite 100
Kansas City, Missouri 64106
816-471-5111
Fax: 816-471-7199
john@kcaccidentattorneys.com
james@kaccidentattorneys.com
ATTORNEYS FOR PLAINTIFFS