UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANGELA LOUCKS,

        Plaintiff,

        v.

WALMART, INC.,

        Defendant.

Case No. 22-2243-TC-BGS

## MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION FOR EXTENSION OF TIME TO EXTEND DEADLINES

This matter comes before the Court on the parties' Third Joint Motion to Amend the Scheduling Order.  (Doc. 39).  The parties essentially seek to reset the entire case schedule.  As more fully explained below, the parties' motion is **GRANTED in part and DENIED in part** because they have not shown good cause for the requested extensions.

A scheduling order "may be modified only for good cause and with a judge's consent."  Fed. R. Civ. P. 16(b)(4).  The Tenth Circuit has stated that Rule 16(b)(4)'s good-cause standard requires the movant to show that the existing "scheduling order deadlines cannot be met despite the movant's diligent efforts."  *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988–89 (10th Cir. 2019).  The parties seeking to amend the scheduling order must describe the good cause for the requested delay.  *Id.*, at 988.  The Court is given broad discretion when managing the pretrial schedule.  *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).

In this case, the scheduling order has been amended two times.  (Docs. 26, 30).  The parties requested each extension for similar reasons.  Those reasons include that the Plaintiff needs further surgery, and still needs to undergo significant medical treatment.  In other words, Plaintiff has not reached maximum medical recovery and appears to be a long way from reaching it, if ever.  The

parties were able to begin discovery on August 11, 2022. *See* Fed. R. Civ. P. 26(d)(1) (stating that parties may seek discovery after the Rule 26(f) conference). The original scheduling order provided a discovery deadline of July 3, 2023. (Doc. 15). This allowed for an approximate eleven-month discovery period. Due to Plaintiff's on-going medical treatment and the uncertainty of her medical situation, the Court granted two generous extensions to the discovery deadline. The last scheduling order placed the discovery deadline on October 17, 2023—which allowed for over 14 months of discovery in a personal injury case. (Doc. 30).

Now, the parties request another extension, two weeks after the discovery deadline. (Doc. 39). The parties state that "due to the unforeseen delay in plaintiff's medical treatment, a brief continuance . . . may be necessary in order to allow the parties additional time to complete remaining expert discovery in this matter to fully evaluate plaintiff's damages claims." (Doc. 39, at 2). The parties then request the Court to reset several discovery-related deadlines, many of which passed months ago. The parties then explain Plaintiff's current course of treatment and describe the uncertainty involved in her medical damages. The Court understands that the parties may not know with full certainty the final extent of Plaintiff's medical damages; however, the Court cannot allow the case to be further delayed on that basis.

The parties' joint motion is out of time and the deadlines to move the discovery deadline have passed. *See* D. Kan. Rule 6.1(a) (requiring such motions to be filed at least 3 days before the specified time). Moreover, for the reasons stated herein, the parties' basis for the requested extensions do not amount to good cause. As such, the Court declines to extend any discovery-related deadlines. Discovery may continue unopposed after the deadline to complete discovery so long as it does not delay dispositive motions or other pretrial preparations. Although if the parties agree to conduct discovery under those circumstances, the Court will not be available to resolve any disputes that arise during the course of such extended discovery.

The Court will, however, briefly continue the pretrial conference.  The deadline to submit a proposed pretrial order is extended to **November 15, 2023.**  The pretrial conference date is reset for **November 17, 2023, at 10:00 a.m.** by telephone**.**  The dispositive motion deadline and trial date remain unchanged.  The parties are instructed to call (888) 363-4749 and enter access code 5407703 to participate in the conference.  The parties are also ordered to immediately inform the Court of the results of their November 13, 2023, mediation.  The motion did not establish good cause as required by Rule 16(b)(4), and therefore the Court **GRANTS in part and DENIES in part** the motion.

**IT IS THEREFORE ORDERED** that the parties' third joint motion to amend the scheduling order is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that the parties immediately inform the Court of the results of the November 13, 2023 mediation.

**IT IS SO ORDERED.**

Dated October 31, 2023, at Wichita, Kansas.

/s BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge